UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM P. RYND,

      Plaintiff,

v.                                  CASE No. 8:09-CV-1556-T-27TGW

NATIONWIDE MUTUAL
FIRE INSURANCE CO.,

      Defendant.

_____

O R D E R

THIS CAUSE came on for consideration upon Nationwide

Mutual Fire Insurance Company's Motion to Strike Non-Parties' Amended

Privilege Logs and for Order of Contempt (Doc. 86), and the opposition

thereto (Doc. 89). The defendant argues that the non-parties' amended

privilege logs, which belatedly assert the attorney-client privilege for

documents previously designated as work product, are untimely, and,

therefore, waived.   The defendant also contends that the attorney-client

privilege does not apply to these documents because they do not involve

client communications.   The non-parties argue that the attorney-client

privilege does apply to these documents, and that they have not waived their right to assert the attorney-client privilege.

The non-parties' new designations of the attorney-client privilege in the amended privilege logs are waived because they are untimely, and there is no valid justification for the belated assertion of this privilege. The defendant has not, however, met its burden to show that the non-parties should be found in contempt of court for their actions. Accordingly, Nationwide Mutual Fire Insurance Company's Motion to Strike Non-Parties' Amended Privilege Logs and for Order of Contempt (Doc. 86) will be granted to the extent that the belated assertions of the attorney-client privilege in the amended privilege logs are waived.

I.

In October 2009, the defendant served subpoenas duces tecum upon Melvin Crawford's attorneys, John Acken and Dale Swope, from the law firms of Howell & Thornhill, P.A., and Swope, Rodante, P.A., respectively (non-parties) (Docs. 50-1, 50-3). As pertinent here, the defendant sought documents relating to attempts to settle the case of Crawford v. Rynd (id.). The non-parties objected to the discovery requests,

asserting, among other things, blanket objections to the production of categories of documents "under the protection of the attorney-client privilege and the doctrine of work product" (Docs. 50-2, 50-4). Thus, they did not serve with their responses privilege logs which identified each document withheld and the privilege asserted for each document (id.).[1]

The defendant subsequently filed a Motion to Compel production of these documents (Doc. 50), arguing that the non-parties did not identify adequately the documents withheld on the basis of a privilege, and that the work-product doctrine and the attorney-client privilege are not applicable. After extensive consideration of these issues, I determined that Crawford, and his attorneys, Acken and Swope, may assert the attorney-client privilege, but that the work-product doctrine was inapplicable to non-party documents (Doc. 66, p. 3)(the September 9, 2010 Order). Accordingly, the Motion to Compel documents from Acken and Swope was granted to the extent that they were directed to produce by September 29, 2010, documents withheld on the basis of the work-product doctrine (id., p. 5). Further, the

---

[1]The non-parties argued that disclosure of more detailed information would have revealed protected information (Doc. 57, p. 18). The privilege logs subsequently provided by Order of the court do not bear out this concern (see Docs. 86-1, 86-3).

non-parties were ordered to provide by September 29, 2010, a detailed privilege log in compliance with the Federal Rules of Civil Procedure for those documents withheld on the basis of the attorney-client privilege (id.).

On September 23, 2010, the non-parties filed an objection to this Order, seeking its reconsideration "to the extent [that] the Order rules that Mr. Crawford may not assert the work[-]product doctrine" (Doc. 74, p. 1). On September 27, 2010, the non-parties filed a motion to stay the production of work-product documents pending resolution of their objection (Doc. 79).

On September 29, 2010, the non-parties served privilege logs which identified documents withheld on the grounds of attorney-client privilege and the work-product doctrine (see Doc. 86-1). The privilege logs identified most of the documents as work-product (id.). Specifically, six of the seven documents withheld by Swope, and 31 of the 43 documents withheld by Acken, were designated as protected solely under the work-product doctrine (id.).

On September 30, 2010, District Judge Whittemore overruled the non-parties' objection to the September 9, 2010 Order (Doc. 82).[2] Thus, he

---

[2]This Order was entered into the court's CM/ECF docket on October 1, 2010.

expressly rejected the argument that the work-product doctrine applied to these non-party documents, and denied as moot the motion to stay effect of the September 9, 2010 Order (id., p. 3). Nevertheless, the non-parties failed to produce the work-product documents as ordered by the court.[3]

On October 13, 2010, the defendant sent a letter to the non-parties, advising them that it would file a motion for contempt if the work-product documents were not produced (Doc. 86-2). On October 20, 2010, Crawford's counsel stated that, as a result of a "re-review[]" of the documents, it was serving amended privilege logs (Doc. 86-3, p. 1). In the amended privilege logs, the designations for most of the documents were changed from "work product" to "Attorney-client; work product" (compare Doc. 86-2 with Doc. 86-3). Thus, Acken's amended privilege log now identifies all 43 documents as attorney-client privileged, and Swope's amended log identifies six of seven documents as protected under the attorney-client privilege (id.).

---

[3]The non-parties argue that Judge Whittemore did not include in his Order overruling their objections a deadline to produce work-product documents. Considering that the non-parties' motion to stay the effect of the September 9, 2010 Order was denied as moot, the only reasonable inference was that such documents were to be produced forthwith.

The defendant has filed a Motion to Strike the Non-Parties'
Amended Privilege Logs and for an Order of Contempt (Doc. 86), arguing
that the belated assertions of the attorney-client privilege are waived because
they are untimely and constitute a deliberate effort to avoid compliance with
court Orders.  Further, it argues that these amendments are meritless because
the documents reflect communications between attorneys and their staff, or
attorney file notes, and not communications between an attorney and his
client (id., p. 6). The non-parties argue in their opposition memorandum that
such communications are privileged, and they did not waive their right to
assert the attorney-client privilege (Doc. 89).  Moreover, they argue that
sanctions are unjustified because, among other reasons, there was no court
order which precluded amendment of the privilege logs (id., p. 13).

## II.

As indicated, the defendant argues that the non-parties' belated
assertions of the attorney-client privilege in their amended privilege logs are
untimely and, therefore, waived (Doc. 86, pp. 5-6).  Rule 45(c)(2)(B), F.R.
Civ.P., requires that an objection to a subpoena be stated within 14 days of
service of the subpoena.  Furthermore, Rule 45(d)(2)(A) requires that, when

a party resists disclosure of subpoenaed information on a theory of privilege, it must "expressly assert the claim" and "describe the nature of the withheld documents. communications, or things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." The failure to assert the privilege or work-product protection in a timely manner, and in sufficient detail, may result in a waiver of the privilege or work-product claim. See Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991); Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984).

In this case, the non-parties' November 2009 objections to the defendant's subpoenas duces tecum on the grounds of the attorney-client privilege and work-product doctrine did not comply with Rule 45's requirements to provide "information sufficient [for the opposing party] to evaluate [these] claim[s] and to resist [them] if [they] seem[] unjustified." Rule 45, F.R.Civ.P., Advisory Committee Notes, 1991 Amendment, p. 235. Nevertheless, when the defendant brought this deficiency to the court's attention, the non-parties were not penalized, but were instead given an additional 20 days, until September 29, 2010, to submit detailed privilege

-7-

logs which identified documents withheld on the basis of the attorney-client privilege (Doc. 66).   The non-parties produced on September 29, 2010, privilege logs which identified documents withheld on the grounds of attorney-client privilege and the work-product doctrine (Doc. 86-1).   Thus, those privilege logs are timely.

However, the amended privilege logs, served on October 20, 2010 (Doc. 86-3), which belatedly assert that most of the documents designated in the original privilege logs as work product are protected under the attorney-client privilege, are clearly untimely.   The belated invocation of the attorney-client privilege violates Rule 45, F.R.Civ.P., and my Order to provide by September 29, 2010, a privilege log identifying documents subject to the attorney-client privilege.

Further, the amended privilege logs are proffered after the discovery deadline (Docs. 23, 83), and weeks after the non-parties had been ordered to produce these documents, as they were designated at the pertinent time as work-product (see Docs. 66, 82).   Additionally, the defendant challenges the applicability of the attorney-client privilege to these documents (Doc. 50).   Thus, it is unduly prejudicial to commence at this late stage of the

proceedings a discovery dispute regarding the applicability of the attorney-client privilege to documents which should have been produced before this designation was even asserted.

Moreover, the non-parties gave no valid justification for the failure to invoke timely the attorney-client privilege for these documents. Thus, it was merely asserted that, "while reviewing the documents again," Crawford's counsel "learned that the original privilege logs failed to properly describe various materials as being attorney-client privileged" (Doc. 89, p. 13). Considering that Crawford's attorneys are experienced counsel, who had ample time to consider the applicability of a privilege to a relatively small number of documents (50 documents between both law firms) (see Docs. 86-1, 86-3), this explanation is insufficient. Thus, to accept untimely amendments without adequate cause is not only prejudicial to the opposing party, it renders the court's Orders and the Federal Rules of Civil Procedure mere ineffectual guidelines.

The lack of a reasonable explanation for the untimely amendments is especially troubling considering that it follows Judge Whittemore's rejection of the applicability of the work-product doctrine, and

the defendant's threat to file a motion for contempt for failing to produce the work-product documents. Thus, the amended privilege logs appear to be a last-ditch effort to cloak work-product documents with attorney-client protection in order to avoid producing them.     This is the sort of "gamesmanship" that the waiver rules are designed to discourage.  See General Electric Co. v. Johnson, 2007 WL 433095 (D.D.C. 2007)(waiving attorney-client privilege claims asserted after the court ruled the documents were not protected by the work-product doctrine because permitting the untimely amendment "would be to overlook a party's obvious efforts to reshape its legal contentions in the wake of an adverse ruling and thus encourage precisely the sort of 'gamesmanship' that the waiver rules are designed to avoid"); In re Honeywell Intern., Inc. Securities Litigation, 230 F.R.D. 293, 298-300 (S.D.N.Y. 2003)(service of an amended privilege log after issues were briefed on a motion to compel those documents "undermines the very purpose of privilege logs, and promotes the kind of gamesmanship that courts discourage in discovery").  In all events, even assuming that the non-parties' failure to assert the attorney-client privilege in a timely manner was inadvertent, the prejudicial failure to assert the privilege timely, and

-10-

without a showing of good cause, constitutes a waiver of the privilege. <u>See</u>, <u>e.g.</u>, <u>Banks</u> v. <u>Office of Senate Sergeant-at-Arms</u>, 233 F.R.D 1, 9 (D.D.C. 2005).

Crawford's opposition memorandum does not meaningfully address the untimeliness of these amendments, but rather argues that "there is no rule or order preventing [him] from amending these logs" (Doc. 89, p. 20; <u>see</u> <u>id</u>., pp. 4-15). However, the September 9, 2010 Order directed that claims of attorney-client privilege be asserted by September 29, 2010 (Doc. 66). Thus, it is clear in that Order that the assertion of the attorney-client privilege after this date is untimely.

Additionally, Crawford argues that "the mere action of amendment does not amount to a waiver of privilege over items that are protected under Florida law" (Doc. 89, p. 20). Thus, Crawford argues that waiver is a substantive issue governed by Florida law, and Florida law defines waiver as the intentional relinquishment of a right (<u>id</u>., pp. 14-15).

Although state law governs the existence of a privilege in a diversity case, the time to assert such a privilege is a matter of procedure, which is governed by federal law.  <u>See</u>  <u>Thompson</u> v. <u>Allstate Ins. Co.</u>, 476

F.2d 746, 749 (5th Cir. 1973)(federal law governs procedure in diversity cases); <u>Abbott Labs.</u> v. <u>Alpha Therapeutic Corp.</u>, 2000 WL 1863543 at *3 (N.D. Ill. 2000)("[T]he conduct of discovery is a procedural matter. So, while state law governs the existence of a privilege in a diversity case, the federal rules nevertheless dictate the manner in which it must be, or can be asserted."). Therefore, waiver of a privilege is a consequence that may be imposed for failure to comply with procedural deadlines, regardless of whether a party intended to relinquish that right. <u>See</u>, <u>e.g.</u>, <u>Abbott Labs.</u> v. <u>Alpha Therapeutic Corp.</u>, <u>supra</u>.

In sum, under the circumstances, the non-parties' belated assertions of the attorney-client privilege in the amended privilege logs are waived.

The defendant also requests that the non-parties be sanctioned and held in contempt "for refusing to comply with this Courts' Orders" (Doc. 86, p. 8). The defendant has not supported the request that the parties be held in contempt with a meaningful argument. Consequently, the defendant has failed to show that contempt sanctions are warranted. However, the non-parties' refusal to accept the court's ruling regarding the work-product

-12-

doctrine and their disingenuous, belated assertion of the attorney-client privilege raises the inference that they are withholding information that is significant. Therefore, the non-parties are cautioned that a continued refusal to produce the documents could result in serious contempt sanctions.

It is, therefore, upon consideration,

ORDERED:

That Nationwide Mutual Fire Insurance Company's Motion to Strike Non-Parties' Amended Privilege Logs and for Order of Contempt (Doc. 86) is hereby **GRANTED to the extent** that all designations of the attorney-client privilege in the amended privilege logs served on October 20, 2010, that were not identified in the privilege logs served on September 29, 2010, are waived. The non-parties are **ORDERED** to produce, within ten (10) days, those documents which it listed in the original privilege log as protected solely under the work-product doctrine.

DONE and ORDERED at Tampa, Florida, this 14th day of December, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-13-