UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM P. RYND,

Plaintiff,

vs.                                                                    Case No. 8:09-cv-1556-T-27TGW

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Nationwide's Renewed Motion for Judgment as a Matter of Law and Alternative Motion for New Trial (Dkt. 205). Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") renews its prior motion for judgment as a matter of law arguing that there is no legally sufficient evidentiary basis for the jury's verdict in favor of Plaintiff William P. Rynd ("Rynd"). In the alternative, Nationwide requests a new trial arguing that the verdict was against the clear weight of the evidence, substantial errors occurred in the rejection of evidence, and substantial errors existed in the jury instructions. Upon consideration of all of Nationwide's arguments, Nationwide's Renewed Motion for Judgment as a Matter of Law and Alternative Motion for New Trial (Dkt. 205) are **DENIED**.

*Renewed Motion for Judgment as a Matter of Law*

A Rule 50 judgment as a matter of law is appropriate when there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. *Optimum Techs., Inc. v. Henkel Consumer Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007); *Collado v. UPS*, 419 F.3d 1143,

1149 (11th Cir. 2005). A jury verdict "must be left intact if there is evidence from which the decision maker ... reasonably could have resolved the matter the way it did." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1264 (11th Cir. 2008). Even if the evidence would have supported a verdict for the losing party, "[t]he issue is not whether the evidence was sufficient for [the losing party] to have won, but whether the evidence was sufficient for it to have lost." *Id.* at 1264-65. A "court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." *Beckwith v. City of Daytona Beach Shores, Fla.*, 58 F.3d 1554, 1560 (11th Cir. 1995); *see, e.g., Nurse "Be" v. Columbia Palms W. Hosp. L.P.*, 490 F.3d 1302, 1308 (11th Cir. 2007).

Nationwide argues that Rynd failed to prove conduct rising to the level of bad faith by legally sufficient evidence. Specifically, Nationwide argues that "[b]ecause the *only* evidence presented demonstrated that Tracy McCrink made an honest mistake which at the most amounted to simple negligence, judgment should be entered in favor of Nationwide as a matter of law." Dkt. 205, p. 9.

The Court agrees with Nationwide that negligence, standing alone, does not equate to bad faith. In this case, however, there was a sufficient evidentiary basis for the jury to conclude that Nationwide acted in bad faith by failing "to use same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." *Macola v. Government Employees Ins. Co.*, 953 So.2d 451, 454-55 (Fla. 2007) (quoting *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So.2d 783, 785 (Fla. 1980)).

Nationwide's argument is based on the contention that "[a]t most, Plaintiff proved that Nationwide's adjuster, Tracy McCrink, made an honest mistake by sending a certified copy of the insurance policy to Mr. Acken, rather than a policy accompanied by a sworn coverage affidavit."

Nationwide fails to recognize, however, that other evidence also supported the jury's conclusion that Nationwide acted in bad faith. For example, evidence was introduced from which a reasonable jury could have concluded that:

- Nationwide did not provide Attorney Acken's March 6, 2007 letter requesting information to Rynd until May 7, 2007, after the demand had expired, and never asked Rynd to furnish the requested information. *See, e.g.*, Joint Exhibit No. 9; Knowe Transcript (Dkt. 213-1), pp. 23-24.

- Nationwide unreasonably delayed tendering the full value of the policy. *See, e.g.*, Knowe Transcript (Dkt. 213-1), pp. 27-28.

- Nationwide incorrectly informed Rynd that it was unable to settle Crawford's claim and mischaracterized the settlement opportunity presented by Acken's[1] March 6, 2007 letter. *See, e.g.*, Knowe Transcript (Dkt. 213-1), pp. 23-25.

- Nationwide did not endeavor to provide all of the information requested by Crawford's attorney within the thirty day demand period, and to date has not complied with the conditions of the settlement offer. *See, e.g.*, Knowe Transcript (Dkt. 213-1), pp. 14-15, 17-23, 25, 29.

The evidence presented was sufficient for a jury to conclude that Nationwide was presented with a reasonable opportunity to settle Crawford's claim and should have done so, had it acted fairly and honestly towards Rynd and with due regard for Rynd's interests.

For the these reasons, and the reasons outlined in the Court's oral ruling denying Nationwide's initial motion for judgment as a matter of law (Dkt. 205-4, pp. 17-18), the Court finds that the evidence presented by Rynd was sufficient to support the jury's determination. *See Campbell v. Government Employees Inc. Co.*, 306 So.2d 525, 530-31 (Fla. 1974) (noting that the existence of bad faith is generally a question of fact for determination by a jury).

---

[1] The Court will enter separate orders addressing Plaintiff's Verified Motion for Attorney's Fees and Costs (Dkt. 202) and Plaintiff's Motion to Amend the Final Judgment to Include the Amount of Damages, Prejudgment Interest Thereon, and Post-Judgment Interest (Dkt. 207).

## Motion for New Trial

A Rule 59 motion for a new trial may be granted for reasons including a verdict which is against the weight of the evidence and substantial errors in the admission or rejection of evidence. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *see Johnson v. Clark*, 484 F.Supp.2d 1242, 1246 (M.D. Fla. 2007). Resolution of a motion for a new trial is committed to the discretion of the trial court. *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999).

### *Evidentiary Basis for Verdict*

"A judge should grant a motion for a new trial when 'the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). "Because it is critical that a judge does not merely substitute his judgment for that of the jury, 'new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence.'" *Id.*

The evidence was sufficient to support the verdict, the verdict was not against the clear weight of the evidence, and it will not result in a miscarriage of justice. *See also Campbell*, 306 So.2d at 530-31 (noting that issue of bad faith is generally a question of fact for determination by a jury). Even if the Court independently weighs the evidence, *Watts v. Great Atlantic & Pacific Tea Co.*, 842 F.2d 307, 310 (11th Cir. 1988), *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982), the Court concludes that the evidence is sufficient to support the verdict and that the verdict is not against the great weight of the evidence.

## Jury Instructions

The failure to give a requested jury instruction is error "only if the instruction is correct, is not adequately covered by the charges given, and deals with a point so important that failure to give the instruction seriously impaired the defendant's ability to present an effective defense." *Adams v. Sewell*, 946 F.2d 757, 767 (11th Cir. 1991) (quoting *United States v. Hill*, 935 F.2d 196, 200 (11th Cir. 1991)). If the jury instructions as a whole properly express the applicable law no error has occurred, "even if an isolated clause may be inaccurate, ambiguous, incomplete, or otherwise subject to criticism." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

First, Nationwide argues that the Court erred in failing to give Nationwide's requested jury instruction No. 10 regarding negligence. The proposed instruction provided: "The standard for determining the liability of an insurance carrier in an excess judgment case is bad faith rather than negligence. Although you may consider negligence in accessing whether Nationwide acted in bad faith, negligent conduct without more, falls short of bad faith." Dkt. 149, p. 20. While the Court declined to give this instruction, the jury instructions which were given adequately covered the principles of law addressed in the proposed instruction.

The jury was instructed that "[b]ad faith may be inferred from a delay in settlement negotiations which is *willful and without reasonable cause*" and that "[e]vidence of negligence on the part of an insurer *may also be considered* in determining bad faith." Jury Instructions (Dkt. 194), p. 7 (emphasis added). These instructions make clear that negligence, standing alone, is insufficient to establish bad faith. And, as Plaintiffs correctly point out, it was Nationwide which requested an instruction on the jury's consideration of negligence, not Plaintiff. Plaintiff contended that Nationwide breached its fiduciary duty to Plaintiff in failing to act fairly and honestly towards its

insured with due regard for his interests, and by failing to settle within policy limits when it had an opportunity to do so. Plaintiff did not rely upon Nationwide's negligence and did not request an jury instruction on negligence.

Second, Nationwide argues that the Court erred in failing to give Nationwide's proposed jury instruction No. 9 regarding the relevance of the motives of Crawford and his counsel in determining whether an insurer had a realistic opportunity to settle within policy limits. The pertinent part of the proposed instruction provided: "In your consideration of the totality of the circumstances, you may consider the *motives* and conduct of the underlying claimant, Melvin Crawford, and his counsel, John Acken, during settlement negotiations." Proposed Jury Instructions (Dkt. 149), p. 18 (emphasis added).

The Court declined to give proposed instruction No. 9 because there was no evidence in the record relating to the motives of Crawford or his counsel. Transcript of Charge Conference (Dkt. 205-3), pp. 21, 24; *see Ad-Vantage Tel. Directory Consultants v. GTE Directories Corp.*, 849 F.2d 1336, 1349 (11th Cir. 1987) (noting that litigant is entitled to have the jury instructed on its theory of the case, so long as there was competent evidence to support the theory). Nationwide did not respond to the Court's conclusion that there was no evidence of motive. Nor did Nationwide point to any evidence of motive during the Charge Conference.

Nationwide now contends that because Crawford sought punitive damages in the underlying litigation (and his counsel argued to the jury in the underlying litigation that the $5,000,000 contained in Rynd's bank account should be considered in accessing punitive damages), a reasonable inference could be drawn that Crawford and his counsel were motivated by the potential recovery of a large punitive damage award and were therefore unwilling to settle within the policy limits.

6

Even assuming that evidence of Crawford's claim for punitive damages in the underlying litigation could create an inference that Crawford was unwilling to settle within policy limits, the failure to give the requested instruction did not seriously impair Nationwide's ability to present an effective defense.[2] Moreover, the jury was instructed that it could consider the conduct of Crawford and his counsel during settlement negotiations in determining whether Nationwide had a realistic opportunity to settle within policy limits and that the question of whether a realistic settlement opportunity existed was to be decided based on all the circumstances. *See* Jury Instructions (Dkt. 194), p. 7 ("In a bad faith case, the insurer has the burden to show that there was no realistic possibility of settlement within the policy limits and that question is decided based on all the circumstances.") ("In this regard, you may consider the conduct of the underlying claimant, Melvin Crawford, and his counsel, John Acken, during settlement negotiations.").[3]

The jury instructions as a whole accurately stated the applicable law, including Nationwide's duty "to use same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." *Macola*, 953 So.2d at 454-55; *see* Jury Instructions (Dkt. 194), p.7 ("The issue for your determination, therefore, is whether Nationwide Mutual Fire Insurance Company failed to settle Melvin Crawford's claim when, under all the circumstances, it could and should have done so had it acted fairly and honestly toward its insured and with due regard for his interests."). Nationwide has not demonstrated any error in the jury

---

[2] Tellingly, Nationwide elected not to call Crawford or his counsel as witnesses at trial.

[3] To the extent Nationwide contends that it was error for the Court to define negligence in response to the jury's request during deliberations, it has not demonstrated error, much less error which warrants a new trial. Negligence was not defined in the jury instructions. The jury was entitled to the guidance of a definition of negligence under Florida law.

7

instructions, much less error which seriously impaired Nationwide's ability to present an effective defense.

### *Exclusion of Evidence*

An evidentiary ruling warrants a new trial only if the complaining party's substantial rights were affected. *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1162 (11th Cir. 2004). To satisfy this standard, Nationwide bears the burden of proving that an error "probably had a substantial influence on the jury's verdict." *United States v. Stephens*, 365 F.3d 967, 977 (11th Cir. 2004) (quotation marks and citation omitted).

*Deposition Testimony of Peter Firmat*

Contrary to Nationwide's argument, Nationwide was correctly precluded from introducing Firmat's deposition testimony on matters on which he had no personal knowledge. The proffered deposition excerpts offered by Nationwide reflect that Firmat reviewed the claim file but had no personal recollection or familiarity with the claim. Firmat Dep. (Dkt. 191), p. 10. Firmat also testified that his only personal involvement with the Crawford claim was his participation in a settlement authorization conference in January, 2006. *Id.* at p. 11. Firmat lacked any independent recollection of the Crawford claim, including the reason or reasons he authorized settlement. *Id.* at pp. 45-48. And Nationwide was not precluded from introducing *any* of Firmat's deposition testimony, only Firmat's "opinions as to whether a March 6th letter that wasn't in front of him was vague or ambiguous." Holbrook Transcript (Dkt. 213-1), p. 85.[4]

---

[4] The Court incorporates by reference its oral ruling on Rynd's motion to strike Firmat's deposition testimony. Holbrook Transcript (Dkt. 213-1), pp. 83-86.

8

Even if disallowing Nationwide to admit certain portions of Firmat's deposition at trial was error, any error did not adversely impact Nationwide's substantial rights because much of Firmat's testimony was cumulative of the testimony offered by McCrink and Holbrook. To the extent Firmat's testimony was not cumulative, Nationwide could have offered Firmat's deposition testimony with respect to issues on which he had personal knowledge, including settlement authorization, Nationwide's claims handling, training, policies and procedures, and Nationwide's duties of good faith and fair dealing. Nationwide, however, opted not to introduce any portion of Firmat's deposition at trial.

*Proffered Testimony of Richard Holbrook*

Nationwide argues that a new trial is warranted because it was error to exclude the proffered testimony of Robert Holbrook in which he opined that Crawford and his counsel were motivated by the possibility of recovering an excess judgment in subsequent bad faith litigation. The proffered testimony (Holbrook Transcript (Dkt. 213-1), pp. 53-59) was properly excluded both because it was not disclosed prior to trial and because it related solely to the claimed "set-up" defense. A defense Florida law does not recognize. *See* Holbrook Transcript (Dkt. 213-1), pp. 56-59.[5]

Even if the disallowance of the proffered testimony was error, Nationwide's substantial rights were not adversely impacted. In his testimony, Holbrook repeatedly expressed his opinion that Nationwide never had an opportunity to settle Crawford's claim within the policy limits. For example, Holbrook was permitted to testify that in his opinion, September 14, 2007 was the earliest

---

[5] While Holbrook's Rule 26 disclosure includes the opinion that Florida courts have recognized the benefits of not settling, the disclosure contains no opinion as to the motive of Crawford and his counsel in this case. *See* Holbrook Expert Report (Dkt. 192-1), pp. 14-15. To the extent counsel attempted to ask Holbrook about the benefits of not settling on redirect, that line of questioning was properly denied because it was beyond the scope of cross-examination. *See* Holbrook Transcript (Dkt. 213-1), pp. 50-51.

that Crawford was willing to settle. Holbrook Transcript (Dkt. 213-1), pp. 23-24. In addition, Holbrook testified that "I don't think Nationwide had an opportunity to settle this case within their policy limits. Nothing would have pleased Mr. Acken." Holbrook Transcript (Dkt. 213-1), p. 26; *see also* Holbrook Transcript (Dkt. 213-1), p. 29 ("I don't think [the policy limits] would have ever been accepted."); Holbrook Transcript (Dkt. 213-1), p. 32 ("In my opinion, Mr. Acken never had an intent to settle.").[6]

Accordingly, Nationwide's Renewed Motion for Judgment as a Matter of Law and Alternative Motion for New Trial (Dkt. 205) are **DENIED**. The Clerk is directed to **CLOSE** this case.[7]

**DONE AND ORDERED** in chambers this __4th__ day of October, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[6] Nationwide's contention that it was unable to discover, and thereby admit, further evidence of Mr. Acken's and Mr. Crawford's motives due to a prior ruling on the non-parties' Motion for Protective Order is untimely.

[7] A separate order addressing Plaintiff's Verified Motion for Attorney's Fees and Costs (Dkt. 202) will be entered.