# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**WILLIAM P. RYND,**

          **Plaintiff,**

**vs.**                                                   **Case No. 8:09-cv-1556-T-27TGW**

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,**

          **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 247) submitted by the Magistrate Judge recommending that Plaintiff's Verified Motion for Attorney's Fees and Costs be **GRANTED** in part and **DENIED** in part. Plaintiff has filed objections to the Report and Recommendation (Dkt. 248).

## Standard of Review

A district court is required to "make a *de novo* determination of those portions of the magistrate's report or ... recommendation to which objection is made." 28 U.S.C. § 636(b)(1). A district court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Similarly, a district court may reconsider a report and recommendation where it has been shown that the magistrate's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

## Discussion

Plaintiff's originally requested attorneys' fees in the amount of $778,308 (based on a lodestar amount of $389,154 and a contingency risk multiplier of 2.0) and taxable costs in the amount of

$13,502.12. After post-judgment discovery, considerable briefing by the parties (including the submission of expert reports), and oral argument, the Magistrate Judge prepared a fifty-seven page Report and Recommendation recommending that Plaintiff be awarded $218,616 in attorneys' fees pursuant to § 627.428, Fla. Stat., and $12,464.32 in costs pursuant to Rule 54(d), Federal Rules of Civil Procedure.[1]

Plaintiff objects to the Magistrate Judge's recommendations relating to the (1) reasonableness of hours expended by Plaintiff's counsel, (2) hourly rate awarded to an counsel and staff, (3) rejection of a contingent risk multiplier, and (4) disallowance of certain costs.

### *Reasonableness of Hours Expended*

Plaintiff challenges several of the Magistrate Judge's findings regarding the reasonableness of hours expended in this matter, including (1) reductions in time for "secretarial work" performed by Jason Mulholland, (2) reductions in time relating to "unsuccessful claims" asserted against Sonya Wesner, (3) reductions in time spent preparing for trial, (4) elimination of paralegal time, and (5) reductions in time Mulholland spent at the courthouse during jury deliberations.[2] Based on an independent review of the record, the Court concludes that Plaintiff's challenges to the Magistrate Judge's recommendation as to the reasonableness of the hours expended by Plaintiff's counsel are without merit.

---

[1] In addition to having the benefit of hearing oral argument on the Plaintiff's motion, the Magistrate Judge also presided over the numerous discovery disputes that no doubt contributed to the substantial attorneys' fees requested by Plaintiff. As a result, the Magistrate Judge had knowledge of the "particularly contentious and protracted discovery period," including the necessity and reasonableness of many of the services for which Plaintiffs' counsel now seeks compensation.

[2] Plaintiff, as the party applying for an award of attorneys' fees, bears the burden of presenting satisfactory evidence to establish that the hours are reasonable. *See, e.g., American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999); *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985).

The Magistrate Judge properly concluded that reducing Mulholland's time by seven hours (at a requested hourly rate of $425) was a reasonable method of addressing the fact that the time records readily demonstrate that Mulholland included time entries for non-compensable clerical or secretarial activity. *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) (holding that where the billing record is voluminous, "the district court need not engage in an hour-by-hour analysis[; *r]ather*, ... it may [ ] reduce [the hours devoted to litigation] in gross if a review of the resubmitted fee request warrants such a reduction") (emphasis added). While Plaintiff repeatedly asserts that Mulholland exercised billing judgment and removed activities that were plainly secretarial in nature prior to submitting his time records to the Court, Plaintiff has offered no evidence (by affidavit or otherwise) to support this contention.

Similarly, the Magistrate Judge properly concluded that time spent prosecuting Plaintiff's claim against Wesner is not recoverable because it related to a discrete, unsuccessful claim. *See Duckworth*, 97 F.3d at 1397; *Rowe*, 472 So.2d at 1151. In attempting to refute the Magistrate Judge's conclusion, Plaintiff claims that on the morning of trial the Court reversed its ruling granting Defendant's motion in limine to exclude evidence relating to Wesner. Initially, this is not an entirely accurate characterization of the Court's decision. Moreover, it is undisputed that (1) Plaintiff was unsuccessful in prosecuting a distinct claim against Wesner, (2) no evidence relating to Wesner was offered at trial, and (3) the jury verdict in favor of Plaintiff was based solely on a finding that Defendant acted in bad faith by failing to settle the claim against Plaintiff – an event that occurred well before Wesner was retained to represent Plaintiff in the underlying litigation. As a result, the Court agrees with the Magistrate Judge's recommendation that 27.7 hours of Mulholland's time should be excluded from the lodestar calculation.

3

The Court also adopts the Magistrate Judge's recommendation that Mulholland's time be reduced by 17 hours, Danya Pincavage's time by 20.3 hours, and Linda Mulhall's time by 10 hours because time records lack the specificity required to establish the reasonableness of those hours in connection with trial preparation. *See Rowe*, 472 So.2d at 1150. While Plaintiff argues that the vague nature of the time entries was necessary to prevent disclosure of attorney work product, this contention is belied by the fact that the unredacted time records submitted to the Court *in camera* are essentially identical to the entries contained in the redacted records filed in support of Plaintiff's fee request. In short, the subject matter of the time expenditures relating to trial preparation lack sufficient particularity for the Court to assess the reasonableness of the time allotted. *See Norman*, 836 F.2d at 1303.

The Magistrate Judge also properly concluded that various redactions to the time entries for paralegals were patently frivolous and that, as a result, Mulhall's time should be reduced by 12 hours and Ronni Lowe's time entries totaling 23.5 should be excluded from the lodestar calculation. Plaintiff argues that such reductions are inappropriate because the Magistrate Judge and the Court have access to unredacted versions of the time records from which the Court can determine the reasonableness of the hours expended. Plaintiff, however, ignores the fact that the Magistrate Judge found the reductions necessary because the redactions were "patently frivolous" and, as a result, Defendant lacked the ability to assert a meaningful objection to those entries. *Norman*, 846 F.2d at 1301.

Finally, the Magistrate Judge properly concluded that an 8.5 hour reduction in Mulholland's time for time spent at the courthouse during jury deliberations (rather than returning to his office in Tampa). While Plaintiff asserts several reasons to justify the fact that Mulholland remained at the

4

courthouse during the jury deliberations (both during and after normal business hours), the time entry

reflects only "deliberations" and offers no indication as to what work he performed during this period

or why his presence at the courthouse for the entire duration of the deliberations was necessary or

otherwise reasonable and Plaintiff has offered no evidence to that effect.

### Hourly Rates

Plaintiff next challenges the hourly rates awarded by the Magistrate Judge with respect to

counsel and support staff.[3] Specifically, Plaintiff contends that (1) Pincavage is entitled to an hourly

rate of $275 rather than the $200 rate recommended by the Magistrate Judge, (2) Mulhall is entitled

to an hourly rate of $180 rather than the $95 rate recommended by the Magistrate Judge, and

(3) Mulholland is entitled to an hourly rate of $425 rather than the $275 rate recommended by the

Magistrate Judge. Based on an independent review of the record, the Court concludes that Plaintiff's

challenge to the Magistrate Judge's recommendation as to the reasonableness of the hourly rates

awarded to Plaintiff's counsel is without merit. *See Norman*, 836 F.2d at 1301-03; *American Civil*

*Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999); *see also Kearney v. Auto-*

*Owners Ins.* Co., No. 8:06-cv-595-T-24TGW, 2011 WL 1527262, at *3 (M.D. Fla. April 21, 2011);

*Ottaviano v. Nautilus Ins. Co.*, 717 F.Supp.2d 1259, 1268-69 (M.D. Fla. 2010).

### Contingent Risk Multiplier

Plaintiff also contends that the Magistrate Judge erred in failing to award a contingent risk

multiplier of 2.0. The Court disagrees. The Magistrate Judge's recommendation that a contingent

---

[3] Plaintiff, as the party applying for an award of attorneys' fees, bears the burden of presenting satisfactory evidence to establish that the hours are reasonable. *See, e.g., Barnes*, 168 F.3d at 435 ; *Duckworth*, 97 F.3d at 1396; *Norman*, 836 F.2d at 1303; *Rowe*, 472 So.2d at 1150. A reasonable hourly rate is the "'market rate,' *i.e.*, the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services." *Rowe*, 472 So.2d at 1150-51.

risk multiplier is not warranted in this case was properly based on a thorough consideration of the factors discussed in *Standard Guaranty Ins. Co. v. Quanstrom*, 555 So.2d 828 (Fla. 1990). For example, the Magistrate Judge found that Plaintiff failed to produce reliable evidence that he would have had difficulty finding counsel in the Tampa market absent a multiplier. *See Sun Bank of Ocala v. Ford*, 564 So.2d 1078, 1079-80 (Fla. 1990); *see also Jablonski v. St. Paul Fire and Marine Ins. Co.*, No. 2:07-cv-00386, 2010 WL 1417063, at *9-10 (M.D. Fla. April 7, 2010). Moreover, the Magistrate Judge noted that the contingency nature of the litigation was largely taken into account by the hourly rates awarded to Plaintiff's counsel (including the substantial disparity between the rates charged by defense counsel). *See Perdue v. Kenney A.*, 130 S.Ct. 1662, 1673-74 (2010) (concluding that a "reasonable" fee is a fee sufficient to obtain competent counsel and compensate for quality of attorney's performance; a "reasonable" number of hours presumably takes into account the novelty and complexity of the case).[4]

## Costs

Plaintiff challenges two cost reductions recommended by the Magistrate Judge: (1) $485 for the deposition of Sonya Wesner and her service subpoena fee, and (2) $260 in surveillance costs and rush services fees purportedly necessitated by Susan Killian's alleged attempt to dodge service of a trial subpoena. The Court agrees with the Magistrate Judge that Plaintiff failed to establish that the requested costs are recoverable under 28 U.S.C. § 1920.

---

[4] Similarly, the amount of the judgment obtained by Plaintiff, while large, does not warrant application of a multiplier to reward counsel for an exceptional or extraordinary result. As Defendant notes, "unlike a [traditional] personal injury case" the amount recovered in this case was a function of the underlying judgment against Plaintiff and not the result of counsel's efforts." Indeed, the fact that a standard contingency fee agreement would entitle counsel to the greater of either the fees awarded by the Court or 40% of Plaintiff's recovery – in this case an amount in excess of $1 million – refutes Plaintiff's claims that absent a potential multiplier he could not have retained competent counsel. In any event, the Magistrate Judge recommended that Stephen Marino, Jr.'s hourly rate be adjusted upward by $25 as a contingency enhancement based on "the excellent results he achieved with a relatively low expenditure of time."

## Conclusion

After careful consideration of Report and Recommendation and Plaintiff's objections, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Moreover, the Court is fully satisfied that the total fee award of $218,616 recommended by the Magistrate Judge is sufficient to satisfy the statutory purpose of discouraging insurance companies from contesting valid claims absent application of a contingency multiplier. *See Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co., Ltd.*, 254 F.3d 987, 1010 (11th Cir. 2001). Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)     The Report and Recommendation (Dkt. 247) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(2)     Plaintiff's Verified Motion for Attorney's Fees and Costs be **GRANTED** in part and **DENIED** in part.

(3)     Plaintiff is awarded $218,616 in attorneys' fees pursuant to § 627.428, Fla. Stat., together with post-judgment interest thereon at the rate of .17 percent from the date of the original Judgment.[5]

(4)     Plaintiff is awarded $12,464.32 in costs pursuant to Rule 54(d), Federal Rules of Civil Procedure, together with post-judgment interest thereon at the rate of .17 percent from the date

---

[5] Interest on the fee award is calculated from the date of the act triggering Plaintiff's entitlement to an award of attorneys' fees. *See Quality Engineered Installation, Inc. v. Higley South, Inc.*, 670 So.2d 929, 930-31 (Fla. 1996) ("interest accrues from the date the entitlement to attorneys fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award is not yet determined"); *see also Bremshey v. Morrison*, 621 So.2d 717, 718 (Fla. 5th DCA 1993); *Inacio v. State Farm Fire & Casualty Co.*, 550 So.2d 92, 97-98 (Fla. 1st DCA 1989).

of the original Judgment.[6]  The Clerk's prior taxation of costs against Defendant in the amount of $13,502.12 is **VACATED**.

(5)     The Clerk is directed to enter a Second Amended Final Judgment in favor of Plaintiff and against Defendant for the total sum of $2,834,363.58,[7] plus post-judgment interest thereon accruing at the rate of .17 percent from June 27, 2011.

**DONE AND ORDERED** in chambers this ___15___ day of March, 2012.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record

---

[6] When a district court taxes costs against a losing party, the award of costs bears interest from date of original judgment. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994); *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988).

[7] The sum due Plaintiff is based on the total of the original judgment ($2,215,914.77), prejudgment interest ($387,368.49), attorneys' fees ($218,616.00), and costs ($12,464.32).